UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERT BAKER, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION H-22-985 |
| § | |
| OTHON, INC., *et al.*, § | |
| § | |
| *Defendants*. § | |

### MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff Robert Baker's motion to remand. Dkt. 6. After reviewing the motion, response, reply, and the applicable law, the court is of the opinion that the motion should be GRANTED.

### I. BACKGROUND

Baker sued the defendants on December 22, 2021, in the 215th Judicial District Court of Harris County, Texas, alleging, among other claims, a breach of a contract regarding the Employee Stock Ownership Plan (ESOP). Dkt. 1, Ex. 1 at 1, 14. On March 25, 2022, the defendants removed the case to this court on the basis of federal question jurisdiction. Dkt. 1 ¶ 6–11. Specifically, the defendants argue that the Employee Retirement Income Security Act of 1974 (ERISA) preempts Baker's breach of contract claim because the ESOP is an ERISA benefit plan. *Id.* Because the defendants believe the court has federal question jurisdiction over the breach of contract claim, they argue the court should extend jurisdiction over the remaining state claims in the suit through supplemental jurisdiction. Dkt. 1 ¶ 12–14.

On April 24, 2022, Baker filed his first amended complaint, which removed count two and any reference to the ESOP to avoid ERISA preemption. *See* Dkt. 5. On the same day, Baker filed

the instant motion to remand the case to state court, arguing that subject matter jurisdiction no longer existed. Dkt. 6 at 3, 4. The defendants counter that removal was proper at the time of removal, and that the court should retain supplemental jurisdiction over the remaining state-law claims. Dkt. 12 at 1, 2.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Lavery v. Barr*, 943 F.3d 272, 275 (5th Cir. 2019). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

"Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## III. ANALYSIS

The defendants based their removal of this case to federal court on federal question jurisdiction due to ERISA preemption. Dkt. 1 ¶¶ 6–11. Removing an action to a federal district court is appropriate when ERISA preempts a claim. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66, 107 S. Ct. 1542 (1987). To determine if removal is proper, the court looks to the claims as

they "exist[ed] at the time of removal." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 26-65 (5th Cir. 1995) ("A complaint amended post-removal cannot divest a federal court of jurisdiction."). Thus, Baker's choice to omit the ESOP claim in the amended complaint does not affect this court's federal question jurisdiction. However, Baker argues that the court should nevertheless decline to extend supplemental jurisdiction over the remaining state-law claims after his first amended complaint omitted the preempted claim. Dkt. 6 at 4.

The court looks to eight factors to determine whether it should exercise supplemental jurisdiction over the remaining state-law claims. *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 158–59 (5th Cir. 2011). Four of the factors are statutory. *Id.* (citing 28 U.S.C. § 1367(c)). "The statutory factors are: (1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction.". *Id.* Four of the factors come from the common law. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614 (1988). "[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Id.*

No factor is more important than another. *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008). The decision to extend supplemental jurisdiction is a discretionary one. *Carnegie-Mellon*, 484 U.S. at 350 ("Pendent jurisdiction is a doctrine of discretion, not of plaintiff's right."). The court should "consider and balance" all the factors in determining whether supplemental jurisdiction is proper. *Enochs*, 641 F.3d at 158–59.

The first statutory factor is whether the case involves a novel issue of state law. 28 U.S.C § 1367(c). Here, there is no novel issue involved. *See* Dkt. 5. Therefore, this factor does not weigh toward remand, but it does not weigh against it either. It is neutral. The second statutory factor asks if the state law claims predominate over the claims the court has original jurisdiction over. 28 U.S.C § 1367(c). Here, the state law claims predominate because only state law claims remain. *See* Dkt. 5. Therefore, this factor favors remanding the case. The third statutory factor asks whether the court has dismissed all claims over which it had original jurisdiction. 28 U.S.C § 1367(c). While the court has not dismissed any claims, Baker has voluntarily dismissed the sole claim invoking federal jurisdiction. *See* Dkt. 5. Therefore, this factor favors remand. The final factor asks if exceptional circumstances exist that weigh against exercising federal jurisdiction. 28 U.S.C § 1367(c). No such circumstance exists. *See* Dkts. 1, 5. However, the absence of such a circumstance does not weigh in favor of remand; rather, this factor is neutral.

The first common-law factor is judicial economy. *Carnegie-Mellon*, 484 U.S. at 350. The court stayed the defendants' motion to dismiss while considering whether remand is proper. Dkts. 10, 19. Since the court's investment of judicial resources into this case has been minimal, this factor favors remand. The second common-law factor is convenience. *Carnegie-Mellon*, 484 U.S. at 350. Both forums are in Houston, Texas, and are equally convenient for this litigation. *See* Dkt. 1. Thus, this factor is neutral. The third common-law factor is fairness. *Carnegie-Mellon*, 484 U.S. at 350. "The plaintiff is 'the master of her complaint.'" *Cody v. Allstate Fire & Cas. Ins. Co.*, 19 F.4th 712, 715 (5th Cir. 2021) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)). Baker has chosen a state forum for his suit, and without complete diversity or a federal question present, fairness directs the court to honor that choice.

Thus, this factor favors remand. The final common-law factor is comity. *Carnegie-Mellon*, 484 U.S. at 350. Comity is a doctrine that requires the court to "decline to exercise jurisdiction over matters more appropriately adjudged elsewhere." *Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 817, 113 S. Ct. 2891 (1993); *see also Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 588–89 (5th Cir. 1992) ("The federal courts are . . . often are not as well equipped for determinations of state law as are state courts."). This factor favors remand, as the lawsuit involves state issues only, and the state courts are the more appropriate forum to adjudicate these claims.

Thus, all eight factors are either neutral or weigh in favor of remand. Therefore, the court declines to extend supplemental jurisdiction on the remaining state law claims and remands the case to the 215th Judicial District Court of Harris County, Texas. *See* 28 U.S.C. § 1447(c).

## IV. CONCLUSION

For the reasons given above, the court lacks subject matter jurisdiction over the remaining claims in this case. Therefore, Baker's motion (Dkt. 5) is GRANTED, and the case is REMANDED to the 215th Judicial District Court of Harris County, Texas.

Signed at Houston, Texas on June 24, 2022.

Gray H. Miller
Senior United States District Judge